IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **GENNARO RAUSO,** | : | **CIVIL ACTION** |
| **Individually and as assignee for Elliotte B.** | : | |
| **Brown, Twenty Six Schappert Terrace,** | : | |
| **LLC, and D & B Property Investors** | : | **No. 13-cv-693** |
| **Corp.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BARBARA FEIN, et al.,** | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

**Stengel, J.**                                                     **March 22, 2017**

Gennaro Rauso seeks my recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 based on allegations of bias evidenced by my prior decisions in this case.  For the reasons stated below, Rauso's motion is denied.

## I.     FACTUAL BACKGROUND

The factual background of this case is very familiar to the parties.  I will therefore incorporate by reference the factual discussion from the Memorandum Opinion adjudicating the defendants' motion to dismiss the amended complaint.  See Rauso v. Fein, No. Civ.A. 13-693, 2015 WL 2217411, at *1–4 (E.D. Pa. May 12, 2015).  Subsequent to that decision, and after I granted his requests for an extension of time in which to do so, Rauso filed a motion to modify, rescind, vacate, and/or reconsider the May 12, 2015 Memorandum and Order and to reinstate the dismissed counts and remove the case from civil suspense.[1]  (Docket No. 62.)  I denied that motion on August 11, 2015.  (Docket No. 68.)  Rauso then filed a notice of appeal of both of

---

[1] In his motion for reconsideration Rauso raised many of the same issues that he now asserts should be the basis for my recusal.

those decisions on September 14, 2015.  The United States Court of Appeals for the Third

Circuit first found that Rauso's appeal as to the Order adjudicating the defendants' motion to

dismiss was untimely.  (See Docket Nos. 80, 81.)  The Third Circuit then considered and

affirmed my decision denying Rauso's motion for reconsideration.  (See id.)  Of particular

relevance to the instant motion is the Third Circuit's statement that Rauso "failed to identify a

manifest error of law or present new evidence regarding [my] decision to abstain from

adjudicating [his] state law claims" pursuant to Younger v. Harris, 401 U.S. 37 (1971), or my

decision to stay his federal damages claims in accordance with Addiction Specialists, Inc. v.

Township of Hampton, 411 F.3d 399, 414 (3d Cir. 2005).  (Id.)

Subsequent to filing those appeals, but before receiving a disposition, Rauso filed the

instant motion seeking my recusal from this case, as well as other forms of requested relief.

Attached to the motion is Rauso's affidavit, setting forth grounds that he believes warrant my

recusal.

**A.  The Affidavit**

Rauso first asserts that I took actions and/or asserted claims and defenses on the

defendants' behalf that they did not assert on their own, in an effort to help them in their case.

Rauso believes I accomplished this by (1) abstaining from resolving certain claims until the state

foreclosure proceedings reached a conclusion; (2) dismissing count 197 of the amended

complaint based on Younger abstention, even though the defendants sought to have that claim

dismissed for failure to state a claim; (3) relying on a Pennsylvania state court decision in

opposition to Rauso's contention that the state court adjudicating his foreclosure proceedings

lacked subject matter jurisdiction over that case; and (4) mischaracterizing and dismissing his

claim for fraud on the court, in which he contended that defendant Barbara Fein committed fraud

2

during litigation over his motion to intervene in the state foreclosure proceeding.  (Pl.'s Recusal

Motion, Ex. A, Rauso Affidavit, Aug. 10, 2016 ¶¶ 2a–d.)  Rauso asserts that he was not aware of

those facts until he received a copy of my decision and that, based on those facts, he believes I

have developed a personal bias in favor of the defendants to assist them in their defenses against

his lawsuit in order to protect them from civil liability.  (Id. ¶¶ 3–4.)  Rauso states in the

alternative that I have engaged in the practice of law in this case.  (Id. ¶ 5.)  Rauso now believes

that I cannot, or will not, be able to render a decision as to any issue in this case in an impartial

manner, including those issues raised in the motions I have already ruled on.  (Id. ¶ 6.)

## II.    DISCUSSION

Rauso seeks my recusal from this case under 28 U.S.C. § 144 as well as 28 U.S.C. §

455.[2]  He also asserts that his due process rights were violated by my prior decisions in this case

and requests that those decisions be rescinded.  Finally, he seeks to have this case removed from

civil suspense, to have another judge render a decision on the merits of all his claims, and to

receive a disposition on his requests to file a second amended complaint.[3]  These issues are each

discussed below.

---

[2] Rauso also seeks to have his recusal motion assigned to a different judge for disposition.
As discussed below, however, the statutes pursuant to which Rauso seeks my recusal dictate that
a district court judge decides whether to recuse himself or herself.  Accordingly, that request, as
well as his related request for a telephonic evidentiary hearing for the admission of evidence and
creation of a factual record before another judge on the issue of my recusal, are denied.

[3] In 2013, Rauso proposed to file a second amended complaint to cure the deficiencies
raised by the defendants' motion to dismiss.  (See Docket No. 37, Pl.'s Resp. Opp'n to Defs.'
Mot. to Dismiss and Mot. for Leave to Amend Compl. 1–3; see also Docket No. 38, Pl.'s Mem.
Supp. Resp. Opp'n 46, 57–58.)  He renewed this proposal in 2014 in his supplemental response
to the motion to dismiss, where he requested leave to file a second amended complaint so that he
could add additional causes of action.  (See Docket No. 51.)  Finally, in 2015, Rauso filed a brief
in support of his motion to reconsider the disposition of the defendants' motion to dismiss the
amended complaint, in which he asserted that he should be granted leave to file a second
amended complaint prior to the dismissal of the "fraud on the court" claims asserted in the

### A.  Recusal Under 28 U.S.C. § 144

28 U.S.C. § 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.[4]

"The mere filing of an affidavit of bias pursuant to 28 U.S.C. § 144 does not require a trial judge to disqualify himself from a particular case."  United States v. Dansker, 537 F.2d 40, 53 (3d Cir. 1976) (citing Behr v. Mine Safety Appliances Co., 233 F.2d 371 (3d Cir. 1956) cert. denied, 352 U.S. 942 (1956)); see also United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that "[t]he mere filing of an affidavit under this section does not automatically

---

amended complaint.  (See Docket No. 62-1 at 11.)  Rauso subsequently filed a second amended complaint on August 10, 2016, the same day he filed the recusal motion.

The second amended complaint, which Rauso filed without moving for leave to do so, is the subject of the defendants' pending motions to dismiss.  Accordingly, I do not address his requests concerning a second amended complaint in my disposition of this recusal motion.

[4] 28 U.S.C. § 144 also provides that:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

In this case, Rauso is proceeding *pro se*, and does not have counsel of record. Accordingly, I will not enforce the requirement for a certificate of good faith from counsel of record as to Rauso's affidavit.

Rauso's affidavit was not witnessed or signed by a notary and is only signed by Rauso. Nonetheless, the Third Circuit has advised that, based on Supreme Court precedent, "[n]either the truth of the allegations nor the good faith of the pleader may be questioned . . ." in evaluating an affidavit in support of a § 144  recusal motion.  Mims v. Shapp, 541 F.2d 415, 417 (3d Cir. 1976) (citing Berger v. United States, 255 U.S. 22 (1921); United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973); Hodgson v. Liquor Salesmen's Union, 444 F.2d 1344, 1348 (2d Cir. 1971)).  I will therefore consider the assertions set forth in Rauso's unsworn affidavit to be true for purposes of determining its sufficiency.

disqualify a judge" and that "[d]isqualification results only from the filing of a *timely and sufficient* affidavit.") (emphasis added) (internal citation omitted). "Rather, a trial judge need only recuse himself if he determines that the facts alleged in the affidavit, taken as true, are such that they would convince a reasonable man that he harbored a personal, as opposed to a judicial, bias against the movant."[5] Dansker, 537 F.2d at 53 (citing United States v. Thompson, 483 F.2d 527 (3d Cir. 1973)); see also Sperry Rand Corp. v. Pentronix, Inc., 403 F. Supp. 367, 371 (E.D. Pa. 1975) (noting that "an allegation of 'personal' bias is a proper basis for disqualification; an allegation of 'judicial' bias is not.") (citing Thompson, 483 F.2d at 529). If, however, "the affidavit submitted is legally insufficient to compel his disqualification, the judge has a duty to preside." Dansker, 537 F.2d at 53 (citing Simmons v. United States, 302 F.2d 71 (3d Cir. 1962)).

In accordance with Third Circuit precedent, I will review Rauso's affidavit to determine whether it is (1) timely and (2) sufficient, *i.e.*, whether he has set forth facts in the affidavit that, taken as true, would convince a reasonable person that I harbor a personal bias against him.

### 1. The Affidavit Is Not Timely

"Although the requirement of 28 U.S.C. § 144 that an affidavit for recusal must be filed no less than 10 days before the beginning of the term at which the proceeding is to be heard is no longer pertinent because terms of court have been abolished, 28 U.S.C. § 144 still requires that an affidavit for recusal be filed timely." Smith v. Danyo, 441 F. Supp. 171, 175 (M.D. Pa. 1977), aff'd, 585 F.2d 83 (3d Cir. 1978).

---

[5] In accordance with the case law concerning the disposition of recusal motions, I will deny Rauso's request to have his motion reassigned to another judge for disposition. I will also deny his requests to have a telephonic evidentiary hearing on this motion with respect to whether I should have recused myself prior to issuing decisions in this case and whether I should recuse myself from future decisions in this case.

Rauso's recusal motion and accompanying affidavit were filed on August 10, 2016.  The facts on which his belief of my bias are based stem from the May 12, 2015 Memorandum Opinion and Order and my decision to deny his motion for reconsideration in an Order dated August 11, 2015.  Rauso presents no reason for the one-year delay between the date of the last decision he complains of and the filing of his recusal motion.  Rauso's recusal motion is therefore untimely, and could be denied on this basis alone.  See, e.g., Smith, 441 F. Supp. at 175 (denying recusal motion as untimely due to three-month delay and stating that the movants did not act "with the requisite diligence required by 28 U.S.C. § 144") (citing Bumpus v. Uniroyal Tires Company, Division of Uniroyal, Inc., 385 F. Supp. 711 (E.D. Pa. 1974)); see also Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (finding an affidavit was untimely, and had no "good cause" for delay, when it was filed after the entry of orders dismissing a complaint and imposing sanctions because "[a]ny other conclusion would permit a party to play fast and loose with the judicial process by 'betting' on the outcome.") (citing United States v. Rosenberg, 806 F.2d 1169, 1173, n.3 (3d Cir. 1986), cert. denied, 481 U.S. 1070 (1987); Smith,585 F.2d at 86)).  As discussed below, even if Rauso's affidavit were timely it is not "sufficient" because it does not set forth facts indicating personal bias.

### 2.  The Affidavit Is Insufficient

The Third Circuit described the essential requirements of an affidavit of bias in United States v. Thompson, 483 F.2d 527 (3rd Cir. 1973).  In that case, the court described an affiant's burden to make "a threefold showing: (1) [t]he facts must be material and state with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; [and] (3) the facts must show the bias is personal, as opposed to judicial, in nature."  United States v. Garramone, 374 F. Supp. 256, 258 (E.D. Pa. 1974) (citing Thompson, 483 F.3d 527).

"In judging the sufficiency of § 144 affidavits, while a court may not pass on the truth of the facts alleged, it must determine that the facts establish 'fair support' for the charge of bias." Smith, 585 F.2d at 87 (quoting Berger v. United States, 255 U.S. 22, 33–34, 36 (1921)); see also Bumpus, 385 F. Supp. at 715 ("Subjective conclusions or opinions that bias or the appearance of impropriety may exist are insufficient to require a Judge's disqualification.") (citing Townsend, 478 F.2d at 1073–74; Hodgson v. Liquor Salesmen's Local No. 2. of State of New York, 444 F.2d 1344 (2d Cir. 1971)).  While "[n]either the truth of the allegations nor the good faith of the pleader may be questioned," Mims v. Shapp, 541 F.2d 415, 417 (3d Cir. 1976) (internal citations omitted), "[c]onclusory allegations need not be accepted as true."  Jones, 899 F.2d at 1356 (citing United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989)).

The Third Circuit has emphasized that "the alleged bias must be rooted in extrajudicial sources, rather than in judicial actions which can be corrected on appeal."  Smith, 585 F.2d at 87 (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)); see also Bumpus, 385 F. Supp. at 714 ("To demonstrate this necessary kind of personal bias, the affidavit must set forth more than mere adverse rulings since the statute authorizing disqualification was never meant to be a substitute for an appeal.").

Rauso's affidavit concerns the disposition of the defendants' motion to dismiss his amended complaint, which I granted in part.  He therefore seeks my recusal on the basis of an adverse ruling, which, as numerous courts have stated, does not demonstrate personal bias and is not grounds for recusal.  Rauso frames my decisions in this case as evidence that I have developed a personal bias in favor of the defendants, but this phrasing does not alter the fact that

he seeks my recusal because he disagrees with my prior decisions in this case.[6]  Rauso's affidavit, therefore, is insufficient.

Because Rauso has filed an untimely and insufficient affidavit in connection with his motion for recusal pursuant to 28 U.S.C. § 144, that portion of his motion is denied.  I will next consider Rauso's argument that I should recuse myself pursuant to 28 U.S.C. § 455.

## B.  28 U.S.C. 455

Unlike § 144, "[n]o factual affidavits, or certifications of good faith, are required to justify recusal under Section 455."  Simonson v. Gen. Motors Corp., 425 F. Supp. 574, 578–79 (E.D. Pa. 1976).  Instead, the court considers "whether plaintiff has stated specific facts sufficient to convince a reasonable man that the judge possesses bias or prejudice, or could not be impartial."  Id. (citations omitted).

### 1.  28 U.S.C. § 455(a)

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "[U]nder § 455(a), '[d]iscretion is confided in the district judge in the first instance to determine whether to disqualify himself because the judge presiding over a case is in the best

---

[6] Rauso's alternative ground for my recusal is that I have engaged in the practice of law in this case, by asserting defenses on the defendants' behalf, specifically with respect to the Younger abstention doctrine.  Rauso overlooks the fact that the defendants moved to dismiss his amended complaint for failure to state a claim *and* for lack of subject matter jurisdiction, and that they specifically argued that the Younger abstention doctrine applied.  (See Docket No. 30.) While I am obligated to consider the facts in Rauso's affidavit as true, a reasonable person would not conclude that I have developed a personal bias in favor of the defendants on the basis of my application of the Younger doctrine to some of Rauso's claims.

position to appreciate the implications of those matters alleged in a recusal motion.'"[7] United States v. Ciavarella, 716 F.3d 705, 720 (3d Cir. 2013).

"The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003) (citing Edelstein v. Wilentz, 812 F.2d 128 (3d Cir. 1987)); see also United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007), as amended (July 2, 2007) (citing In re Kensington International Ltd.).  This evaluation is accomplished by considering the totality of the circumstances involved in the proceedings. Ciavarella, 716 F.3d at 724 (citing United States v. Kennedy, 682 F.3d 244, 259–60 (3d Cir. 2012)).  "Disagreement with a judge's determinations certainly cannot be equated with the showing required to so reflect on his impartiality as to dictate recusal." Jones, 899 F.2d at 1356; see also Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (Noting that the Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.") (citations omitted).

As previously explained, Rauso bases his recusal motion on his opinion that my decisions in this case show that I have developed a personal bias in favor of the defendants and that I have engaged in the practice of law by applying the Younger abstention doctrine.  The case law is clear that Rauso's disagreement with my rulings does not satisfy his burden to show that I am impartial and must recuse myself.  In addition, Rauso is simply incorrect in his assertions that the defendants did not raise the Younger abstention doctrine in their motion to dismiss.  (See Docket No. 30-1, Defs.' Mem. Supp. Dismiss 15–16.)  A reasonable person in possession of all the facts

---

[7] As with Rauso's request under 28 U.S.C. § 144, I will deny his request to have another judge decide whether I should be recused pursuant to 28 U.S.C. § 455(a).

would not conclude that my impartiality in this case could reasonably be questioned.  Rauso's motion for recusal pursuant to 28 U.S.C. § 455(a) is therefore denied.

### 2.   28 U.S.C. § 455(b)(1)

28 U.S.C. § 455(b)(1) provides, in relevant part, that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party."  The Supreme Court has explained that § 455(b)(1) "entirely duplicated the grounds of recusal set forth in § 144" "and placed the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit."  Liteky v. United States, 510 U.S. 540, 548 (1994).  In Liteky, the Court reiterated its prior position that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Id. at 555 (citing Grinnell Corp., 384 U.S. at 583.  The Third Circuit has likewise found that "[a] litigant's mere dissatisfaction . . . does not form an adequate basis for recusal."  Reynolds v. Martinez, 351 F. App'x 585, 586 (3d Cir. 2009) (citing Securacomm Consulting, Inc., 224 F.3d at 278).  Instead, in order "to show bias or partiality, a movant must show that a judge displays a deep-seated favoritism or antagonism that would make fair judgment impossible."  Reynolds, 351 F. App'x at 586 (citing Liteky, 510 U.S. at 555).

Rauso has not made the required showing under § 455(b)(1), because his grounds for recusal are his disagreement with my prior rulings and his inaccurate assertion that I have relied on grounds not raised by the defendants in ruling on their motion to dismiss.  Rauso has not shown that it would be impossible for me to render fair judgments in this case.  Accordingly, his motion for recusal pursuant to 28 U.S.C. § 455(b)(1) is denied.

### C.  Due Process

Rauso also seeks reassignment of this motion to another judge so that he may obtain a judicial opinion including material findings of fact and conclusions of law "supporting the contention" that my previously issued Orders of May 11, 2015 and August 10, 2015 "are void on the grounds that they were issued in deprivation of [his] Fifth Amendment Constitutional right to a fair tribunal" as to the "litigation of the issues" addressed in those Orders, and that I relied on facts and documents outside the pleadings in deciding the defendants' motion to dismiss.[8]

This request for relief is substantially similar to Rauso's requests to have another judge adjudicate his recusal motion, which is based on his disagreement with my prior rulings in this case.  This request is denied for the same reasons discussed above in connection with the requests for recusal pursuant to § 144, § 455(a), and § 455(b)(1).

In addition, Rauso has already appealed my prior rulings to the Third Circuit, which dismissed the appeal of my decision concerning the motion to dismiss as untimely and affirmed my decision denying Rauso's motion for reconsideration of that decision.  He may not now seek what would effectively be an appeal of my decision at the district court level.

Accordingly, this aspect of Rauso's motion is denied.

### D.  Miscellaneous Relief Sought

Rauso also seeks to have this case removed from civil suspense, to have another judge render an adjudication on the merits of all his claims and relief requested, and to receive a disposition on his requests for leave to file a second amended complaint.  Rauso has not shown that the reasons for placing this case in civil suspense no longer apply, and therefore that request

---

[8] As noted in the Memorandum Opinion adjudicating the defendants' motion to dismiss the amended complaint, both parties requested that I take judicial notice of facts located in documents related to the state court proceedings.  See Rauso v. Fein, No. Civ.A. 13-693, 2015 WL 2217411, at *3 (E.D. Pa. May 12, 2015).

is denied.  His request to have another judge adjudicate the merits of his claims is denied for the same reasons stated above.  I do not address his requests related to a second amended complaint in light of the defendants' pending motions to dismiss the second amended complaint.

### III.    CONCLUSION

For the foregoing reasons, Rauso's motion is denied in its entirety.

An appropriate Order follows.