IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| GENNARO RAUSO, | : | CIVIL ACTION |
| Individually and as assignee for Elliotte B. | : | |
| Brown, Twenty Six Schappert Terrace, | : | |
| LLC, and D & B Property Investors | : | No. 13-cv-693 |
| Corp., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BARBARA FEIN, et al., | : | |
| Defendants. | : | |

**M E M O R A N D U M**

**Stengel, C. J.**                                                                                                   **August 2, 2017**

      This action relates to a mortgage foreclosure of a property located at 218 E. Wood Street in Norristown, Pennsylvania. Plaintiff Gennaro Rauso alleges hundreds of statutory and common law violations by the defendants, the mortgage holder and agents of the mortgage holder involved in the foreclosure. After dismissing numerous counts in the amended complaint in my ruling on the defendants' motion to dismiss, I stayed the remaining counts pending the outcome of state court mortgage foreclosure proceedings. Rauso has since filed a second amended complaint, which the defendants seek to dismiss because it was filed without their consent and without the court's leave to amend. Rauso now seeks leave to file the second amended complaint. For the reasons stated below, the defendants' motions to dismiss are granted and Rauso's motion for leave to amend is denied.

      **I.**        **FACTUAL BACKGROUND**

      The factual background of this case is very familiar to the parties. I will therefore incorporate by reference the factual discussion from the memorandum opinion adjudicating the

1

defendants' motion to dismiss the amended complaint.  See Rauso v. Fein, No. Civ.A. 13-693, 2015 WL 2217411, at *1–4 (E.D. Pa. May 12, 2015).[1]  On August 10, 2016, without consent from the defendants and without seeking leave from the court, Rauso filed a second amended complaint.  After the defendants filed their motions to dismiss the second amended complaint on those grounds, Rauso filed a motion for leave to file a second amended complaint.

**II.    DISCUSSION**

In light of the defendants' motions to dismiss the second amended complaint because it was filed without their consent and without leave of court, Rauso now seeks leave to file it.  He argues that (1) I should construe his previous requests, contained within other filings, as motions for leave to amend; (2) I should grant him leave to file his second amended complaint; and (3) the defendants' motions to dismiss the second amended complaint have been rendered moot by his now having filed a motion for leave to amend.  Each of these arguments is addressed below.

**A.  Rauso's Prior Requests for Leave to Amend**

Rauso filed his initial complaint on February 6, 2013 and filed an amended complaint on June 24, 2013.  While the defendants' motion to dismiss his amended complaint was pending, Rauso proposed to file a second amended complaint to cure the deficiencies raised by the defendants' motion to dismiss.  (See Docket No. 37, Pl.'s Resp. Opp'n to Defs.' Mot. to Dismiss

---

[1] Subsequent to that decision, Rauso filed a motion to modify, rescind, vacate, and/or reconsider the May 12, 2015 Memorandum and Order and to reinstate the dismissed counts and remove the case from civil suspense.  (Docket No. 62.)  I denied that motion on August 11, 2015.  (Docket No. 68.)  Rauso then filed a notice of appeal of both of those decisions on September 14, 2015.  The United States Court of Appeals for the Third Circuit first found that Rauso's appeal as to the Order adjudicating the defendants' motion to dismiss was untimely.  (See Docket Nos. 80, 81.)  The Third Circuit then considered and affirmed my decision denying Rauso's motion for reconsideration.  (See id.)

and Mot. for Leave to Amend Compl. 1–3; see also Docket No. 38, Pl.'s Mem. Supp. Resp. Opp'n 46, 57–58.)  No proposed second amended complaint was attached.

He renewed this proposal in 2014 in his supplemental response to the motion to dismiss, where he requested leave to file a second amended complaint so that he could add additional causes of action.  (See Docket No. 51.)  No proposed second amended complaint was attached.

Finally, in 2015, Rauso filed a brief in support of his motion to reconsider the disposition of the defendants' motion to dismiss the amended complaint, in which he asserted that he should be granted leave to file a second amended complaint prior to the dismissal of the "fraud on the court" claims asserted in the amended complaint.  (See Docket No. 62-1 at 11.)  No proposed second amended complaint was attached.

Rauso's requests could have been denied solely on the basis that he never submitted a proposed second amended complaint in support of any of them.  See Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) (holding that "failure to provide a draft amended complaint would be an adequate basis on which [a] court could deny [a] plaintiff's request," especially where the requesting party had already had an opportunity to amend its complaint) (citing Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 655 (3d Cir. 1998)) (additional citations omitted).  Thus, even if I had construed these prior requests as motions for leave to file a second amended complaint, they would have been denied.

### B. Rauso's Motion for Leave to File a Second Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P.

3

15(a)(1)(A), (B). Rauso has already amended his complaint, and so must rely on Rule 15(a)(2), which provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rauso filed the second amended complaint without the defendants' consent, and must therefore seek the court's leave to file it. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Amendment "would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

As stated above, many of the counts of Rauso's prior amended complaint were dismissed; those that were not dismissed were stayed pending resolution of state court foreclosure proceedings. Rauso's second amended complaint re-asserts nearly identical claims to those that were previously dismissed pursuant to the Younger abstention doctrine.[2] "A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." Krantz v. Prudential Investments Fund Mgmt. LLC, 305 F.3d 140, 144 (3d Cir. 2002) (citing Rolo, 155 F.3d at 654). Stated differently, "[w]here a plaintiff fails to identify additional facts or legal theories he would assert or otherwise specify how amendment would cure the pleading deficiencies in a manner which would survive dismissal, leave to amend is rightfully denied." Taggart v. United States Dep't of Justice, No. Civ.A. 16-4040, 2017 WL 1862324, at *6 (E.D. Pa. May 9, 2017) (citing Lake, 232

---

[2] As the defendants note, the second amended complaint does not include amended complaint count 187, a claim for injunctive relief. (See Mortgagee Defs.' Resp. Opp'n to Pl.'s Mot. for Leave to File Second Am. Compl. 3 & 3 n.2.) Otherwise, the claims are substantively the same as those in the amended complaint that have already been dismissed or stayed.

4

F.3d at 374) (additional citations omitted). Courts have "broader discretion to deny granting leave to amend where, as here, the requesting party has already had an opportunity to amend his [c]omplaint." Taggart, 2017 WL 1862324, at *6 (citing Lake, 232 F.3d at 374) (additional citation omitted). Rauso's failure to properly amend the claims also demonstrates that leave to amend the previously dismissed claims would be futile, because they would still be subject to the Younger abstention doctrine. For these reasons, leave to amend is denied.

### C. The Defendants' Motions to Dismiss

The defendants' motions to dismiss are not moot, as Rauso claims. Rather, the defendants' motions to dismiss the second amended complaint are granted for the same reasons that Rauso's motion for leave to amend is denied.

### III. CONCLUSION

For the foregoing reasons, Rauso's motion for leave to file a second amended complaint is denied, and the defendants' motions to dismiss the second amended complaint are granted. The Second Amended Complaint shall be stricken and this case shall continue to be stayed pending resolution of the state court foreclosure proceeding.

An appropriate Order follows.