# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENNARO RAUSO** | : | **CIVIL ACTION** |
| *Plaintiff, pro se* | : | |
| | : | **NO. 13-0693** |
| **v.** | : | |
| | : | |
| **BARBARA FEIN,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    DECEMBER 21, 2022

# MEMORANDUM OPINION

## INTRODUCTION

This matter relates primarily to a mortgage foreclosure on a property located at 218 East Wood Street in Norristown, Pennsylvania (the "Property"). Plaintiff Gennaro Rauso ("Rauso"), proceeding *pro se*,[1] filed a complaint averring over two hundred statutory and common law violations by the mortgage holder and agents of the mortgage holder involved in the foreclosure of the Property. By opinion and Order dated May 12, 2015, the Honorable Lawrence F. Stengel, to whom this matter was assigned, dismissed many of the claims and stayed the action with respect to the remaining claims pending completion of the underlying state-court foreclosure action. *See Rauso v. Fein*, 2015 WL 2217411 (E.D. Pa. May 12, 2015). The state-court foreclosure action ended, and this matter was reassigned to the undersigned following Judge Stengel's retirement.

Presently, before the Court are the renewed motions to dismiss filed by Defendants U.S. Bank, Select Portfolio Servicing, Inc., Fairbanks Capital Corporation, and Mortgage Electronic Registration Systems, Inc. (collectively, "Moving Defendants"), seeking dismissal of all remaining claims as barred by the doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue

---

[1] Rauso purports to bring this action on behalf of himself and as the assignee of the rights of Twenty Six Schappert Terrace, LLC ("TSST") and D and B Property Investors Corporation ("D&B").

preclusion).  [ECF 117, 127].  Rauso opposes the motions and simply argues that the state-court judgement is void.  [ECF 132].  For the reasons set forth herein, Moving Defendants' motions to dismiss are granted.

**BACKGROUND**

When considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  Here, the salient facts relevant to Rauso's claims are set forth in great detail in Judge Stengel's previous opinion, *Rauso*, 2015 WL 2217411, at *1–4, and are incorporated by reference herein.  Additional facts relevant to Moving Defendants' motions are summarized as follows:

Elliotte Brown ("Brown") purchased the Property on October 12, 2001.  He obtained a mortgage on the property for $56,000 from BNC Mortgage, Inc. ("BNC").  The mortgage named Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), as the mortgagee and BNC's nominee.  The mortgage was recorded on October 31, 2001.  Defendant Fairbanks Capital Corporation ("Fairbanks") serviced the mortgage from October 12, 2001 to March 23, 2003. Thereafter, Defendant Select Portfolio Servicing, Inc. ("SPS"), became the servicer.  MERS assigned the note and mortgage to Defendant U.S. Bank ("U.S. Bank").

Brown later defaulted on the terms of the note and mortgage and, as a result, on March 26, 2012, U.S. Bank initiated foreclosure proceedings in the Court of Common Pleas of Montgomery County (the "State-Court Foreclosure Action").[2]

On January 23, 2013, Rauso, as Brown's agent-in-fact, "assigned himself personally all of Brown's rights, title, interests claims and defenses of every kind and nature whatsoever." (Am. Compl., ECF 18, at ¶ 90).  On this same day, he also assigned himself all of TSST's rights, title, and interests, as TSST's agent-in-fact and its sole shareholder/officer.  On February 4, 2012, Rauso—as sole stockholder,

---

[2]     Previous foreclosure actions were commenced but temporarily resolved by the negotiation of various forbearance agreements.

President, Vice President, and Treasurer of D & B—assigned himself personally all of D & B's rights, title, and interests.

On January 29, 2013, Rauso filed a motion to intervene in the State-Court Foreclosure Action. On February 6, 2013, he filed this *pro se* action, in both his personal capacity and as assignee for Brown, TSST, and D & B, asserting 205 counts under 12 causes of action. As noted, this federal action was stayed pending completion of the State-Court Foreclosure Action.

### State-Court Foreclosure Action[3]

U.S. Bank, as the assignee of MERS, filed the State-Court Foreclosure Action against Brown and TSST on March 26, 2012. That complaint asserted that the transfer made from Brown to D & B, and D & B to TSST, without prior written consent by the lender, violated the mortgage agreement. The complaint further alleged other breaches of the mortgage agreement, and outlined fees and costs requested as part of the foreclosure. The complaint also outlined what steps U.S. Bank took prior to filing the complaint to comply with Pennsylvania's Act 6.

On January 29, 2013, Rauso petitioned to intervene in the State-Court Foreclosure Action. The Montgomery County court denied Rauso's motion to intervene on June 10, 2013, finding that Rauso had no property interest in the Property and, therefore, did not have standing in the case. Rauso appealed the decision to the Superior Court of Pennsylvania. On May 15, 2014, the Superior Court quashed the appeal on the basis that the decision was not final and, therefore, unappealable. The Superior Court denied Rauso's application for re-argument on July 17, 2014. Rauso appealed the Superior Court's decision to the Pennsylvania Supreme Court. On December 30, 2014, the Pennsylvania Supreme Court affirmed the Superior Court's decision to quash Rauso's appeal.

The State-Court Foreclosure Action was resolved by judgment in favor of the Trust and against all defendants, and the Property was subsequently sold at sheriff's sale in May 2021. There are no post-judgment motions or appeals pending in the State-Court Foreclosure Action.

---

[3] Both parties have asked the court to take judicial notice of certain facts found in other court documents. A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Judicial notice can be taken at any stage of a case. Fed. R. Evid. 201(d). Matters of public record or facts that can be accurately and readily determined to be accurate may be judicially noticed. *See* Fed. R. Evid. 201(b); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *see also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). This Court has taken judicial notice of the information contained in the State-Court Foreclosure Action, as requested by the parties and outlined below.

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss, courts must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [her] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

Moving Defendants argue that Rauso's remaining claims are barred by *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) because they are the same claims and/or involve the same facts and issues as those raised, or that could have been raised, and adjudicated in the State-Court Foreclosure Action. Generally, *res judicata* and collateral estoppel preclude claims and issues that have previously been adjudicated to a final judgment in another court of competent jurisdiction. *See, e.g.*, *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 153 (3d Cir. 2008).

In response, Rauso merely argues that these legal doctrines do not bar his claims because the judgment in the State-Court Foreclosure Action is void *ab initio*. Specifically, Rauso contends that the default judgment that was entered against Rauso's predecessor-in-interest (Brown) was

void because it was premised on the state court's incorrect determination that Brown had failed to file a pleading to the complaint. Rauso is mistaken.

"The *Rooker-Feldman* doctrine prevents "inferior" federal courts from sitting as appellate courts for state court judgments." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005) (citations omitted). A claim filed in federal court is barred by the doctrine under two circumstances:

> first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. In either case, *Rooker-Feldman* bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims.

*Id.* A federal claim is "inextricably intertwined" with the state-court adjudication when:

> (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment . . . . In other words, *Rooker–Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

*Id.* at 581 (citation omitted).

As noted, Rauso responds to Defendants' *res judicata* and collateral estoppel arguments by arguing solely that the state-court judgment at issue is void. In light of this "void" argument, Rauso cannot prevail on his federal claims here "without obtaining an order that 'would negate the state court judgment.'" *Id.* Because Rauso's claims would require an order from this Court effectively overturning the state court judgment, Rauso's claims are inextricably intertwined with the state court adjudication and, thus, barred by the *Rooker-Feldman* doctrine.

Rauso's apparent reliance on the void *ab initio* exception to *Rooker-Feldman* is also misplaced. The "rarely invoked 'void *ab initio*' exception to the *Rooker-Feldman* doctrine," typically only applies in bankruptcy proceedings and, then, is only applicable when it is apparent

that "the state court lacked personal or subject matter jurisdiction." *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) (citing *In re James*, 940 F.2d 46, 52 (3d Cir. 1991)). In *James*, a state-court judgment at issue was void because it violated the Bankruptcy Code's automatic stay and, therefore, subject-matter jurisdiction was lacking in the state court. 940 F.2d at 52. Here there was no violation of the automatic stay or other problem with the subject matter of the Pennsylvania judgment. As a result, the discussion of *Rooker-Feldman* in *James* in the context of a void *ab initio* exception is not applicable.

Turning to Moving Defendants' argument that Rauso's remaining claims are barred by *res judicata* and collateral estoppel, this Court notes again that Rauso has provided no argument in response to Moving Defendants' arguments other than his now rejected argument that the state-court judgment is void. Notwithstanding the absence of any opposition by Rauso, this Court will address Moving Defendants' preclusion arguments.

As the United States Supreme Court has noted, the "[d]isposition of [a] federal action, once the state-court adjudication is complete, would be governed by preclusion law." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 293 (2005). "The Full Faith and Credit Act, 28 U.S.C. § 1738 . . . requires the court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Id.* (citations omitted). Two possible preclusion doctrines apply in Pennsylvania, *to wit*: *res judicata* and collateral estoppel. In Pennsylvania, such preclusion doctrines "'[foreclose] re-litigation in a later action of an issue of fact or law which was actually litigated and which was necessary to the original judgment.'" *Dici v. Pennsylvania*, 91 F.3d 542, 548 (3d Cir. 1996) (quoting *Hebden v. Workmen's Comp. Appeal Bd.*, 632 A.2d 1302, 1304 (Pa. 1993)). Application of the doctrine of *res judicata* requires concurrence of four elements: "(1) identity of the thing sued for; (2) identity of the cause of action;

(3) identity of the persons and parties to the action; (4) identity of the quality of the persons for or against whom the claim is made." *Pittsburgh v. Zoning Bd. of Adjustment*, 559 A.2d 896, 901 (Pa. 1989). "Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity in the prior case; (4) the party or person in privity to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment." *Id.*

Here, Rauso's remaining claims against Moving Defendants all involve challenges and determinations to the note, mortgage, and State-Court Foreclosure Action, or seek to preclude Moving Defendants from prosecuting the State-Court Foreclosure Action. In the State-Court Foreclosure Action, which was litigated between Moving Defendants and Rauso's predecessor-in-interest,[4] the state court necessarily determined that the note and mortgage were valid and enforceable because the court could not have otherwise entered judgment in favor of U.S. Bank. *See In re Calabria*, 418 B.R. 862, 866–67 (W.D. Pa. 2009) ("In Pennsylvania, actions in mortgage foreclosure are dependent on the existence of a valid mortgage. Without a valid mortgage, there is simply nothing to foreclose upon."). These undisputed facts—nowhere challenged by Rauso—meet each of the requirements of both *res judicata* and collateral estoppel. As such, Rauso's remaining claims against Moving Defendants are barred. Accordingly, Moving Defendants' motions to dismiss are granted.

---

[4]     Notably, Rauso attempted to intervene in the State-Court Foreclosure Action, though his attempt was rejected by the state courts.

**CONCLUSION**

For the reasons set forth above, Moving Defendants' motions to dismiss are granted with respect to all of Rauso's remaining claims.  An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.